**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Timothy Meyer,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Lyft Express Drive, et al.,<br><br>　　　　Defendants. | No. CV-25-00247-PHX-DWL<br><br>**ORDER** |

  On December 27, 2024, Plaintiff, who is proceeding *pro se*, filed a complaint in Maricopa County Superior Court, asserting state-law claims. (Doc. 1-1, Exh. A.)

  On January 27, 2025, Defendant Lyft Incorporated ("Lyft") removed this action on the basis of diversity jurisdiction. (Doc. 1 ¶¶ 7-9.) In an attempt to establish that the $75,000 amount-in-controversy threshold was satisfied, Lyft asserted: "Plaintiff furnished a pre-litigation demand upon Lyft alleging that he was seeking $250,000.00." (*Id.* ¶ 6.)

  On February 11, 2025, Plaintiff lodged an amended complaint, which was filed on February 19, 2025. (Docs. 9, 15.) Although the amended complaint alleges that the amount in controversy is $34,907, which "does not meet federal standard" for diversity jurisdiction, it also asserts a variety of claims pursuant to federal statutes. (*Id.*)

  On February 12, 2025, Plaintiff filed a motion for remand, in which "Plaintiff contends that this Court lacks subject matter jurisdiction over this action as the amount in controversy does not exceed the jurisdictional threshold required for diversity jurisdiction." (Doc. 12.)

On February 20, 2025, Lyft responded that "[b]y adding federal claims in his Amended Complaint, Plaintiff created federal jurisdiction regardless of the amount in controversy" and adding that the Court "has supplemental jurisdiction over Plaintiff's lone claim arising under Arizona law." (Doc. 16 at 2.)

On February 21, 2025, Plaintiff filed a reply. (Doc. 18.) The reply, in its entirety, states as follows:

> In Claim 3 Defendant stated [its response] that this claim the accident in Claim 3 is a separate action. Reason is Claim 3 was a result of a false accident reported by [Lyft] on 01/29/23 to Liberty Mutual Insurance Co. as in Claim 4 relates to [an] actual accident occurring on 3/10/25. That [Lyft] committed additional damage separate from any other claim in regard to amount in question the amended claim excluded attorney cost in the amount of $7,000 that can only be awarded not demand for relief. The adding of this amount in original complaint once corrected reduced relief sought to under $75,000.

(*Id.*)

Plaintiff does not appear to dispute that the Court has jurisdiction over the federal claims asserted in the amended complaint. Although it is difficult to discern the arguments asserted in the reply, it appears that Plaintiff might be suggesting that the claims are not related, such that the Court does not have supplemental jurisdiction over the state-law claim (Claim 3). However, this argument is undeveloped, and the Court agrees with Lyft's conclusion that "[b]ased on the limited facts set forth in Plaintiff's Amended Complaint, all of Plaintiff's claim[s] are related because they relate to alleged false claims, damages related to a vehicle Plaintiff leased from one or more Defendants, and an 'accident,'" such that supplemental jurisdiction can and should be exercised over Claim 3. (Doc. 16 at 3.)

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for remand (Doc. 12) is **denied**.

Dated this 24th day of February, 2025.

Dominic W. Lanza
United States District Judge