**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Timothy Meyer, | No. CV-25-00247-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Lyft Express Drive, et al., | |
| Defendants. | |

    Pending before the Court are Plaintiff's motion to strike (Doc. 22) and motion to appoint counsel (Doc. 27) and Defendant's motion to dismiss (Doc. 25).

    Plaintiff moves to strike the corporate disclosure statement (Doc. 5) filed by Defendant Lyft, Inc. ("Lyft") on the ground that it contains a false statement. (Doc. 22.) Under LRCiv 7.2(m), "[u]nless made at trial, a motion to strike may be filed only if it is authorized by statute or rule, such as Federal Rules of Civil Procedure 12(f), 26(g)(2) or 37(b)(2)(A)(iii), or if it seeks to strike any part of a filing or submission on the ground that it is prohibited (or not authorized) by a statute, rule, or court order." Plaintiff does not identify a statute or rule authorizing his motion to strike Lyft's corporate disclosure statement on the grounds of falsity,[1] and a corporate disclosure statement is authorized (and required) under Rule 7.1 of the Federal Rules of Civil Procedure. The motion to strike is denied.

    As for Plaintiff's motion to appoint counsel, there is no constitutional right to the

---

[1] Defendant's response denies any falsity. (Doc. 23 at 2.)

appointment of counsel in a civil case. *Ivey v. Bd. of Regents*, 673 F.2d 266, 269 (9th Cir. 1982). In proceedings *in forma pauperis*, the court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Appointment of counsel under 28 U.S.C. § 1915(e)(1) is required only when "exceptional circumstances" are present. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). "A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved. Neither of these factors is dispositive and both must be viewed together before reaching a decision." *Id.* (citations and internal quotation marks omitted).

Putting aside the fact that Plaintiff is not proceeding *in forma pauperis*, exceptional circumstances have not been demonstrated that would require the appointment of counsel in this case. The case does not appear to be particularly complex, and Plaintiff is in no different a position than many *pro se* litigants.

Defendant's motion to dismiss invokes Rule 8 of the Federal Rules of Civil Procedure. Under Rule 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Id.* Although Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Rule 8 requires "simplicity, directness, and clarity," such that each defendant should easily be able to determine "what he is being sued for." *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal,* 556 U.S. at 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing

court to draw on its judicial experience and common sense." *Id.* at 679.

The Ninth Circuit has instructed that courts must "construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a *pro se* litigant] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)). Conclusory and vague allegations, however, will not support a cause of action. *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). A liberal interpretation may not supply essential elements of the claim that were not initially pled. *Id.*

The first amended complaint ("FAC") does not clearly explain what happened. The FAC alleges that on August 17, 2022, "Defendant billed and collect[ed] money from defendant [sic] for damages including fuel cost, damages to rental car and special cleaning costs of rental car that were never performed or other wise [sic] valid[.] Defendant admitted the charges were not valid however plaintiff was still charged and monies collected were not recovered or otherwise reimbursed in the amount of $1,352.56." (Doc. 15 at 5.) The FAC further alleges that on January 29, 2023, "Lyft filed a claim with insurance company Liberty Mutual Insurance citing plaintiff as the driver of leased vehicle from the defendant. This was false, there was no accident. The claim made by [Lyft] affected my insurance premiums in the amount of $1,825.00 from 01/30/2023 to present date." (*Id.*) The FAC also appears to allege that on March 10, 2023, "Defendant obstructed accident investigation by withholding information," and on June 7, 2023, "defendant refused to repair vehicle windshield from date of damage" and "ignored damage," adding that "car was leased by plaintiff for purpose of ride share where in driver was required to provide rides for defendant." (*Id.* at 4.)

The FAC cites a wide array of federal and state statutes (*id.* at 4-5) but it is not clear which Defendant is being sued under which statutes, for which acts. Basic facts are not clearly alleged—the FAC seems to allege that Plaintiff *did* and *did not* lease a car from one or both defendants, that there *was* and *was not* damage to the car, and that there was "no accident" but also that one or both defendants "obstructed" the investigation of an accident.

In short, there is no way to understand Plaintiff's version of what happened from reading the FAC.

The Court will dismiss the complaint with leave to amend. "Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Schucker v. Rockwood*, 846 F.2d 1202, 1203-04 (9th Cir. 1988) (internal quotation marks and citation omitted).

The second amended complaint ("SAC") must adhere to all portions of Rule 7.1 of the Local Rules of Civil Procedure ("LRCiv"). Additionally, the SAC must satisfy the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. Specifically, "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1); *see also* Fed. R. Civ. P. 10(b) ("A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances."). Where a complaint contains the factual elements of a cause, but those elements are scattered throughout the complaint without any meaningful organization, the complaint does not set forth a "short and plain statement of the claim" for purposes of Rule 8. *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 640 (9th Cir. 1988).

If the SAC fails to comply with the Court's instructions as provided in this Order, the action may be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. *McHenry*, 84 F.3d at 1177 (affirming dismissal with prejudice of amended complaint that did not comply with Rule 8(a)). Given this specific guidance on pleading requirements, the Court is not inclined to grant leave to file another amended complaint if the SAC is found to be deficient. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992) (affirming dismissal with prejudice where district court had instructed *pro se* plaintiff regarding deficiencies in prior order dismissing claim with leave to amend); *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989) ("The district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint.").

Plaintiff is directed to become familiar with the Local Rules and the Federal Rules

of Civil Procedure and is reminded that the Federal Court Self-Service Clinic provides free civil legal help to self-represented litigants. (*See* Notice to Self-Represented Litigant, Doc. 3.)

Accordingly,

**IT IS ORDERED** that Plaintiff's motion to strike (Doc. 22) and request for appointment of counsel (Doc. 27) are **denied**.

**IT IS FURTHER ORDERED** that Defendant's motion to dismiss (Doc. 25) is **granted**. The FAC (Doc. 15) is **dismissed** with leave to amend. Plaintiff may file a second amended complaint by **April 11, 2025**.

**IT IS FURTHER ORDERED** that if Plaintiff fails to file a second amended complaint by April 11, 2025, the Clerk of Court shall terminate this action.

Dated this 24th day of March, 2025.

Dominic W. Lanza
United States District Judge